HARRY POPKIN et al., Plaintiffs, *v.* LLOYD S. GILMOUR et al., Co-partners Doing Business under the Firm Name and Style of EASTMAN, DILLON & Co., Defendants, Impleaded with Others.

City Court of New York, New York County, June 25, 1942.

*Kissam & Hayden* [*J. Francis Hayden* and *Charles G. Bergin* of counsel], for impleaded defendant Empire Trust Company.

*Bigham, Englar, Jones & Houston* [*G. Arthur Blanchet* of counsel], for defendants Lloyd S. Gilmour and others, as co-partners, etc.

KELLER, J. It appears that the drafts involved in this action were drawn by Eastman, Dillon & Co., upon themselves payable through Empire Trust Company. The relationship of Empire Trust Company to the drafts is clearly shown in the affidavit of Mr. Miller, its vice-president. According to him the drafts were drawn and issued by Eastman, Dillon & Co., under an arrangement with Empire Trust Company which had been in effect for many years. When the drafts were received by Empire Trust Company from Brooklyn Trust Company through Federal Reserve Bank of New York, they were presented by Empire Trust Company to Eastman, Dillon & Co. for acceptance or rejection. Eastman, Dillon & Co. accepted the drafts and delivered their checks to Empire Trust Company to cover the amounts thereof, whereupon Empire Trust Company stamped the drafts "paid" and permitted them to clear through its account at the Federal Reserve Bank. The drafts did not pass through any account of Eastman, Dillon & Co. with Empire Trust Company, but were handled in the manner above stated. Empire Trust Company paid the drafts when Eastman, Dillon & Co. delivered their checks to cover. It seems to me that Empire Trust Company merely acted as agent for Eastman, Dillon & Co., in connection with these drafts. Concededly it guaranteed no prior indorsements. I think it is clear

also that it did not negotiate the drafts to Eastman, Dillon & Co., within the meaning of section 60 of the Negotiable Instruments Law, and therefore it did not become liable to Eastman, Dillon & Co., under section 115 of the Negotiable Instruments Law. The facts stated in Mr. Miller's affidavit are uncontradicted. Indeed they are inferentially borne out by the averments contained in the affidavit of Mr. Bogert, a member of the firm of Eastman, Dillon & Co., sworn to April 17, 1942, submitted in support of the original application to implead Empire Trust Company. As the facts are clear, conclusory statements made for Eastman, Dillon & Co., do not affect the case. I am of the opinion that Eastman, Dillon & Co. has no claim against Empire Trust Company. (Cf. *Carson* v. *Federal Reserve Bank*, 254 N. Y. 218; *Central Trust Co. of Cincinnati* v. *Eureka-Security Fire & Marine Ins. Co.*, 50 Ohio App. 308; 198 N. E. 62.)

The motion is granted. The order of May 6, 1942, is vacated in so far as it allows impleader of Empire Trust Company, the service of the supplemental summons upon Empire Trust Company is set aside, and the cross-pleading of Eastman, Dillon & Co. against Empire Trust Company is dismissed.

Submit order on notice.